IN THE SUPREME COURT OF THE STATE OF DELAWARE

DEVON PARK BIOVENTURES, § 
L.P., DEVON PARK § 
ASSOCIATES, L.P., SEBASTIAN § No. 301, 2019
HOLDINGS, INC., and §
UNIVERSAL LOGISTIC § Court Below—Court of Chancery
MATTERS, S.A., § of the State of Delaware
§
    Defendants Below, § C.A. No. 2017-0822-AGB
    Appellant, §
§
    v. §
§
DEUTSCHE BANK AG, §
§
    Plaintiff Below, §
    Appellee. §

Submitted: July 16, 2019
Decided: August 20, 2019

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## O R D E R

After consideration of the notice of appeal from an interlocutory order and the supplemental notice of appeal from an interlocutory order, as well as the motion to stay and related briefs, it appears to the Court that:

(1) The appellant, CPR Management, S.A. (f/k/a Universal Logistic Matters, S.A.) ("CPR"), an entity organized under the laws of Panama, has petitioned this Court, pursuant to Supreme Court Rule 42, to accept an appeal from the Court of Chancery's order entered June 12, 2019, which established search terms

and custodians and addressed certain other issues related to jurisdictional discovery that had been previously ordered by the Court of Chancery on July 27, 2018.

(2) The plaintiff-appellee, Deutsche Bank AG, alleges that Sebastian Holdings, Inc. ("SHI"), an entity organized under the laws of the Turks and Caicos Islands and controlled by Norwegian investor Alexander Vik, unlawfully transferred SHI's interest in a Delaware entity, Devon Park Bioventures, L.P. ("Devon Park"), to CPR, which is owned by Vik's father, in order to frustrate Deutsche Bank's efforts to collect on an English judgment against SHI, which is now worth more than $300,000,000. The transfer allegedly was accomplished under an Assignment and Assumption Agreement, which is governed by Delaware law and which appoints Devon Park's general partner, which is also a Delaware entity, as CPR's attorney-in-fact with authority to act on CPR's behalf to execute and file various documents.

(3) CPR and SHI moved to dismiss for lack of personal jurisdiction. In response, Deutsche Bank sought jurisdictional discovery, which CPR and SHI opposed. On July 27, 2018, the Court of Chancery entered an order granting in part and denying in part Deutsche Bank's motion to compel jurisdictional discovery. The court's ruling permitted document discovery and interrogatories concerning three topics related to personal jurisdiction, rejected certain theories that Deutsch Bank had set forth as a basis for personal jurisdiction, and denied Deutsch Bank's request

to take depositions unless permitted by the court after completion of written discovery.

(4) On December 17, 2018, Deutsche Bank filed a motion to compel discovery and for sanctions, asserting that CPR and SHI had not completed the required jurisdictional discovery. At a hearing on February 4, 2019, the Court of Chancery expressed concern that appropriate searches had not been completed to locate documents responsive to the three categories the court had established for the jurisdictional discovery and that CPR was obstructing discovery by concealing the identity of its principal(s). The court directed the parties to meet and confer based on the court's guidance. On April 8, 2019, Deutsche Bank renewed its motion to compel, and CPR cross-moved for "clarification" of the July 2018 order and to obtain affirmative discovery from Deutsche Bank and Devon Park.

(5) On June 12, 2019, the Court of Chancery entered three orders: (i) an order granting in part and denying in part Deutsche Bank's motion to compel; (ii) an order denying CPR's cross-motion; and (iii) a scheduling order for completion of the jurisdictional discovery. CPR, but not SHI, is seeking interlocutory review of the Court of Chancery's June 12, 2019 order granting in part and denying in part Deutsche Bank's motion to compel. The Court of Chancery's order does not change the scope of jurisdictional discovery that the court had ordered in July 2018—specifically, it does not alter the three categories for jurisdictional discovery that the

3

court had established in July 2018—rather, it addresses issues such as document custodians and the search terms to be applied in searching for documents responsive to the three categories.

(6)     In its application for certification of interlocutory appeal, CPR argued that (i) the June 12, 2019 order expanded the scope of jurisdictional discovery previously ordered by the court, (ii) Deutsche Bank has not asserted a viable theory of personal jurisdiction, and (iii) foreign defendants should not be subject to burdensome discovery without "some sufficient, properly presented jurisdictional ground."  The Court of Chancery denied CPR's application.  The court held that CPR's application is untimely because CPR is actually attempting to relitigate the Court of Chancery's July 2018 order that established the three categories for jurisdictional discovery.  The court also held that interlocutory review is not warranted because the June 12, 2019 order "concerns a routine (albeit unduly contested) jurisdictional discovery dispute and does not decide a substantial issue of material importance."  Finally, the court considered the criteria set forth in Supreme Court Rule 42 and determined that they do not support the conclusion that interlocutory review should be granted.

(7)     We agree that interlocutory review is not warranted in this case. Applications for interlocutory review are addressed to the sound discretion of this

Court.[1]  In the exercise of its discretion and giving great weight to the trial court's view, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b).  The Court of Chancery's June 12, 2019 order does not decide a "substantial issue of material importance,"[2] because it does not go to the merits of the case.[3]  Indeed, the court's order does not even decide whether personal jurisdiction exists, but merely concerns routine discovery matters such as search terms and custodians, which are generally addressed to the sound discretion of the trial court.[4]  Exceptional circumstances that would merit interlocutory review of the decision of the Court of

---

[1] Del. Supr. Ct. R. 42(d)(v).

[2] Del. Supr. Ct. R. 42(b)(i).

[3] *See Hitachi Koki Co. v. Cardona*, 2019 WL 1716054 (Del. Apr. 16, 2019) (refusing interlocutory appeal of order denying motion to dismiss for lack of personal jurisdiction over foreign corporation); *Curran Composites, Inc. v. Total Holdings USA, Inc.*, 2009 WL 4170395 (Del. Nov. 25, 2009) (refusing interlocutory appeal of order denying motion to dismiss for lack of personal jurisdiction); *Olivieri v. Aveta, Inc.*, 2008 WL 4216352 (Del. Sept. 16, 2008) (refusing interlocutory appeal of order denying motion to dismiss for lack of personal jurisdiction and forum non conveniens); *Jelin v. NRG Barriers, Inc.*, 1996 WL 442907 (Del. July 23, 1996) (refusing interlocutory appeal of denial of motion to dismiss for lack of in personam jurisdiction); *Tortuga Cas. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 1991 WL 247813, at *2 (Del. Nov. 14, 1991) (refusing interlocutory appeal of order denying motion to quash service for lack of personal jurisdiction).

[4] *See McCann v. Emgee, Inc.*, 1993 WL 541922 (Del. Dec. 22, 1993) ("An interlocutory order must determine a substantial issue and establish a legal right in order for it to be appealable.  As a result of this requirement, interlocutory appeals from discovery orders will normally be refused unless exceptional circumstances are present." (citation omitted)); *Am. Centennial Ins. Co. v. Monsanto Co.*, 1990 WL 168260 (Del. Aug. 10, 1990) ("This Court, in the exercise of its discretion, generally declines to review discovery rulings, particularly in cases scheduled for hearing in the near future in a court with an already crowded docket.").

Chancery do not exist in this case,[5] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.

(8)     Similarly, the considerations set forth in Rule 42(b)(iii) also do not weigh in favor of interlocutory review in this case.  CPR argues that this Court should provide guidance regarding the issue of jurisdictional discovery because the "conspiracy theory of jurisdiction" is "constitutionally-suspect" and presents the "potential for abuse by inventive plaintiffs."  But the challenged order is limited to mundane discovery-related issues such as search terms and custodians—it does not decide the validity of the "conspiracy theory of jurisdiction" but merely provides for factual development that will enable the court to consider that issue.  CPR's arguments regarding the purportedly conflicting decisions of the trial courts,[6] the "constitutional implications" of the Court of Chancery's decision,[7] and the controverted jurisdiction of the Court of Chancery are therefore unavailing.[8] Moreover, reversal of the June 12, 2019 order would not terminate the litigation

---

[5] DEL. SUPR. CT. R. 42(b)(ii).  *See also McCann*, 1993 WL 541922 ("Exceptional circumstances may exist where the discovery order determined significant issues relating to privilege, self-incrimination, privacy, or trade secrets.  In addition, exceptional circumstances may exist where the discovery granted in a given case is so burdensome as to be ruinous to the party, and so disproportionate to the amount in controversy as to amount to deprivation of due process." (citation, alterations, and internal quotation omitted)).

[6] DEL. SUPR. CT. R. 42(b)(iii)(B).

[7] DEL. SUPR. CT. R. 42(b)(iii)(C).

[8] DEL. SUPR. CT. R. 42(b)(iii)(D).

against CPR and SHI, because the Court of Chancery would still be tasked with deciding whether personal jurisdiction exists.[9]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED. The motion for a stay pending appeal is moot.

BY THE COURT:

/s/   James T. Vaughn, Jr.
Justice

---

[9] DEL. SUPR. CT. R. 42(b)(iii)(G).

7